UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JILL CARUSO**, | ) |
| | ) Case No. 3:23-cv-93 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge |
| | ) |
| **SAXON SQUARE INVESTORS, LTD,** an Ohio Limited Liability Company, | ) |
| | ) |
| Defendant. | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant **Saxon Square Investors, Ltd,** an Ohio Limited Liability Company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, JILL CARUSO, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

      United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, JILL CARUSO ("Plaintiff" or "Ms. Caruso"), is a Michigan resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Saxon Square Investors, Ltd** owns the property located at 6600 W Sylvania Ave., Sylvania, Ohio 43560 in Lucas County, Ohio, which is a shopping plaza known as the "Saxon Center". Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and she has experienced the barriers to access complained of herein.

6. Plaintiff has patronized Defendant's shopping center and facilities thereon previously as a place of public accommodation, and she has experienced the barriers to access complained of herein.

7. The shopping center owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations

implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping center is a place of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff, Ms. Caruso, is diagnosed with spina bifida, uses a wheelchair for mobility and qualifies as an individual with disabilities as defined by the ADA. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Plaintiff, Ms. Caruso, is a Monroe County, Michigan resident who formerly worked for 11 years in Sylvania, Oh and who frequents the restaurants, shopping centers, businesses and establishments of Sylvania, Lucas County, Ohio and surrounding area, including the Defendant's property that form the subject of this complaint as it is the county just south of her residing home county.

10. Mostly recently on September 29, 2022, but also on previous occasions, Plaintiff was a customer at the Defendant's shopping center. There she has been a shopper, patron or customer at Kays Table, Charlies, Bakery Unlimited and consulted a lawyer who has subsequently relocated all at this property over several years. She plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety and protected access to Defendant's place of public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping plaza owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking & Accessible Routes:**

A. In the parking lot, the accessible parking space identification signs are missing, in violation of the ADA, section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4 whose remedy is readily achievable.

B. In the parking lot, signs identifying "van accessible" parking are missing the sign identifying it as a 'van accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4 whose remedy is readily achievable.

C. In the parking lot, some access aisles do not extend the full length of the parking space or are not on the same level as the parking space it serves due to ramps extending into the access aisle, in violation of the ADA, section 502.3.2 of the 2010 Standards and 1991 ADAAG section 4.6.6 whose remedy is readily achievable.

D. In the parking lot, several accessible parking space access aisles do not connect to any accessible route, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.6 whose remedy is readily achievable.

E. In the parking lot, the accessible parking space access aisles are not level and have excess slope or cross slope, in violation of the ADA, section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.6 whose remedy is readily achievable.

F. Ground surfaces located on the accessible route from the parking lot have cracks in excess of ½ inch and changes in level in excess of ¼ inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.4 whose remedy is readily achievable.

G. Some curb access ramps have excess slope and side flares with excess slope, in violation of the ADA and sections 405.2 and 406.3 of the 2010 Standards and 1991 ADAAG sections 4.7.2 and 4.7.5 whose remedy is readily achievable.

H. There is not a continuous accessible route within the site connecting the multiple buildings, whereas, in some instances there are curbs between the retail buildings and in other instances there are ramps with excessive slopes and significant changes in level, in

violation of section 206.2.2 of the 2010 Standards and section 4.1.2 of the 1991 ADAAG regulations, whose remedy is readily achievable.

**Restrooms**

I. Per Ms. Caruso, the restrooms offered for office customers and invitees located at the 2nd story offices do not have accessible features of any kind suitable for a wheelchair user.

**Polices and Procedures**

J. The Defendant lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

K. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

15. The discriminatory violations described in Paragraph 14 by the Defendant **Saxon Square Investors, Ltd** is not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff JILL CARUSO has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff

requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

17. The Saxon Square shopping center, as owned and/or operated by the Defendant **Saxon Square Investors, Ltd**, constitute a public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to

provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

22. The Defendant, **Saxon Square Investors, Ltd** operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, the **Saxon Square Investors, Ltd** Defendant has failed to create an accessible route from the parking into the retailers or between its multiple buildings since taking ownership and despite various renovations of the buildings primary function areas during the course of its ownership. Furthermore, the Defendant has not modified or provided restrooms with the required accessibility features required under Ohio law for its tenants' office building patrons and guests with disabilities.

24. The Defendant's acts are willful, severe and ongoing.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>Counsel for Plaintiff:</u>

<u>/s/ Owen B Dunn Jr.</u>

Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net